H. S. GEORGE, Mayor, City of Lebanon, Kentucky, Appellant,

v.

CITY COUNCIL OF LEBANON, Kentucky et al., Appellees.

Court of Appeals of Kentucky.

Feb. 23, 1968.

Lawrence S. Grauman, Frank E. Haddad, Jr., Louisville, for appellant.

Joseph J. Leary, Frankfort, for appellee.

CLAY, Commissioner.

This suit was brought by appellant, the mayor of the City of Lebanon, against the city council, the individual members thereof, and the police department and its members. The complaint sought injunctive relief to restrain the city council from giving orders to the police department and to enjoin the members of that department from obeying and carrying out such orders. By answer and counterclaim defendants sought a declaration of rights. The Chancellor dismissed the complaint.

The controversy involves the respective powers of a mayor and a city council of a fourth class city to direct the manner in which the police force will perform its duties. It is governed by Chapter 86 of Kentucky Revised Statutes. Perhaps the problem would be different if Lebanon had a commission and city manager form of government under KRS Chapter 89.

As we read the parties' briefs, the general conclusions of the Chancellor are not in dispute. For example, he found that the council had power to "regulate" the police department by "formal ordinance"; that the mayor had no power to command the police force to disregard a valid ordinance; and

that the court could not enjoin the acts of policemen performed pursuant to a valid ordinance. The contentions presented here are in substance that the Chancellor did not declare the rights of the parties with sufficient specificity and did not settle the controversy. We will examine the events which brought on this lawsuit.

On July 1, 1967, the mayor issued an "ORDER FOR POLICE DEPARTMENT" which provides:

"Effective immediately,

"Any orders issued by the Police Department must be cleared through the Mayor. All policemen from this date will take orders from the Mayor."

On July 15, he issued a "NOTICE TO POLICE DEPARTMENT" which recites:

"Any citations given to juveniles for entering night clubs will be issued at police car instead of coming to City Hall."

It appears that by resolution of January 10, 1966, the city council approved the appointment by the mayor of J. T. Whitlock to act in some unknown capacity in connection with the "Police and Fire Depts." In the record appears this undated paper:

"TO: LEBANON POLICE DEPT."

"FROM: J. T. WHITLOCK

"This is to advise that I, J. T. Whitlock am still the Councilman selected by the Council to relay their orders and commands to the Lebanon Police Dept. This will further advise that there has been no change in the Powers Vested in me by the Lebanon City Council over 5 years ago.

"I will continue to advise you of Council orders and desires until relieved by the council or the courts. I will expect to continue to receive the same excellent cooperation that you have given me for the last five years."

"Signed J. T. Whitlock /s/"

Obviously the members of the police department are in a quandary. Apparently the mayor and the city council are independently attempting to direct the internal operations of the police department. It should be noted that as far as this record shows, the city council has not by formal ordinance, resolution, regulation or order directed the manner in which the members of the police force perform their duties. However, the above quoted communication from J. T. Whitlock casts a cloud on the mayor's powers and the police department's operations. It constitutes at least a threat of control which the mayor seeks to enjoin.

The source of the mayor's power stems from the following two statutes:

KRS 86.200(3). "(3) The mayor shall be *head of the city police, and may command them in the performance of their duties.* He shall be a conservator of the peace, and when he considers it necessary in order to enforce the laws of the city, save life or property, or quell riots or mobs, he may summon into service any of the citizens, either civil or military, and in such cases he shall be present and command in person. The city council shall, by ordinance, prescribe fines and penalties for disobedience of the *mayor's orders and summons.*" (Emphasis added)

KRS 95.730(1). "(1) In cities of the fourth and fifth classes the chief of police shall be in command of the police department, except that in cities of the fourth class he *shall be second in command to the mayor.*" (Emphasis added)

The pertinent powers of the city council may be found in the following two statutes:

KRS 95.700. "(1) The city legislative body in cities of the fourth and fifth classes may, *by ordinance,* establish a police department, appoint its members, and provide for their number, grades, compensation and *regulation.*" (Emphasis added)

KRS 86.110(11). "The city council may, within the city: (11) *Enact ordinances,* not in conflict with the Constitution or statutes, to carry into effect all the powers of the city, and do all things properly belonging to *the police* of incorporated cities." (Emphasis added)

 We will first take up the last statute quoted. The use of the term "the police" in this context is at first blush difficult to understand. The council takes the position that this refers to the police force or police department, which it simply could not do. The city council cannot act as a policeman. The term must have been used in the broader sense of "the regulation of morals, safety, sanitation, etc.; public order; law enforcement". Webster's New World Dictionary (College Ed.). This of course is the exercise of the police *power* and, except incidentally, has nothing whatever to do with *policemen.* It is entirely possible the legislature inadvertently omitted the word "power" following the word "police" in this statute. In any event this is a grant of legislative, not executive, power. Since the statute requires an *ordinance,* the city council clearly has no authority to issue an executive order to the police department.

Nor does KRS 95.700(1) (above quoted) grant such authority. It gives the council the power of "regulation" of the "members" of the police department "by ordinance". Regardless of the scope of "regulation", the council cannot issue executive orders to the police department. Therefore it cannot vest in J. T. Whitlock, or any other council member, the authority to direct or command the members of the police force in the performance of their duties.

As specified in KRS 86.200(3) (above quoted), the mayor is "the head of the city police, and may command them in the performance of their duties". Of course he cannot direct them to act contrary to any valid ordinance or statute. In the absence of any valid legislative restric-

tions (or constitutional limitations), the mayor may issue proper orders relating to the performance of their duties by members of the police department. No one here questions the propriety of the mayor's direction of July 15 relating to the place of issuance of citations.

In view of the conclusions above stated and the nature of this controversy, we believe the Chancellor should have more specifically declared the rights of the parties. When so declared consistent with this opinion, it does not appear necessary that injunctive relief be granted appellant. We must assume the city council and the Lebanon police force will respect the rights of the parties as declared in the amended judgment we are directing the Chancellor to enter.

The judgment is affirmed in part and reversed in part, with directions to amend the judgment consistent with this opinion.

All concur.